UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARMANDO J. DOCTOR,

    Plaintiff,

v.                                     Case No. 3:19-cv-970-J-39JRK

DR. F. CRUZ,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action on August 21, 2019, by filing a Complaint (Doc. 1; Complaint), and a request to proceed as a pauper (Doc. 2). Plaintiff executed a civil rights complaint form and swore under penalty of perjury that the information contained in the complaint was true and correct. See Complaint at 7. In completing the civil rights complaint form, Plaintiff responded "yes" to having filed other cases with similar facts, though he failed to provide information about those cases other than the counties in which he filed them, claiming lack of memory. Id. at 3. He similarly responded "yes" to having filed other cases based on the conditions of his confinement, though he provided no information about those cases, nor did he indicate whether they were the same as those he vaguely referenced in response to the previous question. Id. at 4. Finally, Plaintiff responded "no" to

having had any action "dismissed as frivolous, malicious, failing to state a claim, or prior to service." Id.

Because Plaintiff failed to disclose all his previously filed cases, including those dismissed as frivolous or malicious, the Court directed Plaintiff to show cause why the case should not be dismissed. See Order (Doc. 5). In a one-paragraph response (Doc. 6; Response), Plaintiff states he did not intend to be dishonest, but he could not remember the cases numbers of his prior cases, as he noted in the civil rights complaint form. Response at 1.

A court may, in its discretion, dismiss a complaint for abuse of the judicial process if a pro se plaintiff knowingly and deliberately fails to disclose prior lawsuits or otherwise misrepresents his litigation history. See Jenkins v. Hutcheson, 708 F. App'x 647, 648-49 (11th Cir. 2018) (per curiam); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225-26 (11th Cir. 2011) (per curiam).

The Court finds Plaintiff's misrepresentation of his prison litigation history was done knowingly and deliberately, and further finds his Response to the Court's order to show cause unsatisfactory. Importantly, by signing the civil rights complaint form, Plaintiff declared under penalty of perjury that the information was true and correct. Complaint at 7. Moreover, the civil rights complaint form warns, in all capital letters, that a

2

plaintiff's "failure to disclose **all** prior civil cases may result in the dismissal of this case." Id. at 3 (emphasis in original).

Even if Plaintiff could not recall specific case numbers, his failure to provide any of the requested information suggests an intention to mislead or a disregard of Court instructions, frustrating this Court's efficient review of his Complaint. See Jenkins, 708 F. App'x at 648-49 (affirming the district court's sanction of dismissal because the plaintiff's failure to disclose previous lawsuits, even if unintentional, frustrated the district court's ability to perform its screening function under the Prison Litigation Reform Act).

More egregiously, however, Plaintiff responded "no" to having had any action "dismissed as frivolous, malicious, failing to state a claim, or prior to service," which constitutes an affirmative misrepresentation warranting the sanction of dismissal. See Harris, 498 F. App'x at 965-66 (affirming dismissal for the plaintiff's "affirmative misrepresentation" of his litigation history because the plaintiff made no attempt to disclose case information despite knowing he had filed cases previously). See also Redmon, 414 F. App'x at 225-26 (affirming the district court's dismissal of the complaint because the plaintiff misrepresented his litigation history even though the plaintiff, a pro se litigant, stated he did not understand the complaint form).

Significantly, Plaintiff has previously been cautioned about his obligation to answer truthfully and to disclose all prior cases when completing the civil rights complaint form. See Order (Doc. 11), Case No. 3:15cv273/MCR/EMT, United States District Court for the Northern District of Florida ("Northern District case"). Indeed, in the Northern District case, the Court adopted the magistrate judge's report and recommendation and dismissed Plaintiff's civil rights action because he failed to disclose cases previously dismissed as "frivolous, malicious, failing to state a claim, or prior to service," even though he partially disclosed his litigation history by identifying one case he filed in 2013. See Order (Doc. 12), Northern District case.

To effectively screen and manage the cases before it, this Court must require all litigants, especially those proceeding pro se, to approach the Court with candor and to abide Court orders and instructions. Not only did Plaintiff fail to accurately and truthfully disclose his litigation history, in his Response to the order to show cause, he did not acknowledge or explain why he responded "no" to having had any action "dismissed as frivolous, malicious, failing to state a claim, or prior to service." See Response at 1. As such, the Court concludes dismissal without prejudice is an appropriate sanction under these circumstances.[1]

---

[1] In his Complaint, Plaintiff complains of conduct that occurred in May 2019. See Complaint at 5. Thus, a dismissal of the

4

If Plaintiff decides to file another civil rights action in this Court, he must completely and truthfully respond to all questions on the civil rights complaint form.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for Plaintiff's abuse of the judicial process.

2. The **Clerk of Court** shall enter judgment dismissing this case, close the case, and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2019.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Armando J. Doctor

---

Complaint will not be tantamount to a dismissal with prejudice because the four-year limitations period has not run.